*HODGSON ET AL vs MISSISSIPPI INSURANCE COMPANY.* Eastern District.

*April* 1831.

APPEAL FROM THE COURT OF THE FIRST DISTRICT.

HODGSON ET AL
*vs*
MISSIS. INS. CO.

When a vessel sails under charter party, the owners have an insureable interest in freight.

The failure of the insured, to communicate to the assurers the knowledge of the fact, that the vessel was under charter party, is not such a concealment as will annul the policy.

The knowledge or information material for the insurer to know, and necessary to be communicated to him, when the contract is made, is a question of fact, and the materiality of the information is to be determined under a consideration of all the circumstances which belong to the case.

The plaintiffs contracted with the defendants, to insure the freight of the brig Naiad, valued at 5000 dollars, at and from New-Orleans to Mobile, and at and from Mobile to Liverpool.

The vessel, then under contract of charter party to load at Mobile, proceeded on the voyage and was wrecked before her arrival. At the time the insurance was effected, the defendants were not apprized that the vessel was under charter party; nor did they make any inquiry as to the fact.

The vessel sailed in ballast, and when wrecked, had no cargo on board. This suit was brought to recover the amount of the policy; and resisted by the defendants on two grounds : first, that at the time of the loss, the vessel had earned no freight, and the assured had no insureable interest therein: 2d. that the assured concealed from the defendants the fact, that the vessel was under charter party, to proceed to Mobile, and there take on board her entire cargo —which fact was not in the contemplation of the respondents, and would have increased the risk and augmented the premium.

On the trial, West and Laidlaw, secretaries of different insurance offices, were examined, and gave it as their opinion, that a knowledge of this fact would not have enhanced the premium. There was judgment for the defendants, and the plaintiffs appealed.

*Strawbridge,* for appellants. *Morse,* for appellees.

# 342       CASES IN THE SUPREME COURT

HODGSON ET AL
*vs.*
MISSIS. INS. CO,

*Mathews, J.*, delivered the opinion of the court.

This is an action on a policy of insurance of freight, valued at 5000 dollars. Judgment was rendered against the plaintiffs in the court below, from which they appealed.

The insurance was made on the brig Naiad, at and from New-Orleans to Mobile, and at and from Mobile to Liverpool. The vessel sailed from the first mentioned port in balast, and was lost previous to her arrival at the second. She sailed under charter party.

The liability of the insurers to indemnify the claimants for the loss sustained, is resisted on two grounds : first, that they had no insureable interest at the time, when the accidents occurred, which occasioned the loss : 2d, that if they had such interest, it depended solely on the charter-party, which was concealed from or not disclosed to the insurers, when application was made to them to assume the risk.

Where a vessel sails under charter party, the owners have an insureable interest in freight.

It is clear, from the authorities cited, that, had the brig sailed from New-Orleans without charter party and without any cargo, the evidence of the case shews the loss to have occurred at such a time, and in such a manner, as to exonorate the underwriters from all responsibility for freight. It is equally clear, from the same authorities, that in sailing under a charter party, the owners had an insureable interest in freight, commencing at the time the vessel left New-Orleans; which renders the insurers liable to pay the whole amount stipulated in the policy as valued therein.—*See Phillips on Insurance, from page* 51 *to* 54; *and 3d Kent's Commentaries, p.* 118, *and the cases cited by these authors.*

The failure of the insured to communicate to the assurers, the knowledge of the fact that the vessel was under charter party, is not such a concealment as will annul the policy.

This view of the case dispenses with all other considerations, except those which relate to the failure on the part of the insured, to communicate to the insurers the circumstance of the brig sailing under charter party. Is this such a concealment or failure to disclose a fact so materially affecting the risk assumed, as to annul the policy ? We think not. It is the duty of persons wishing to obtain in-

surance, to make a faithful representation of all facts sup-
posed to be particularly within their knowledge, which
might have an effect on the contract, by increasing the risk
to be taken by the insurers ; and a suppression or conceal-
ment of such facts, whether through negligence or design,
will generally avoid a policy. Freight *lato sensu*, means
either compensation for the use of a ship ; or compensation
for the transportation of merchandise. An insurance effected
on freight *eo nomine*, embraces either kind. The first
species is generally created by a contract of charter party ;
and so soon as the vessel breaks ground, its hire is at risk,
and constitutes a legal subject of insurance. The right to
the secured commences only when the goods are put on
board, &c.—*Phillips Ins. p.* 52.

In the present case, the insurance was made on freight at
and from New-Orleans to Mobile, and at and from the latter
place to Liverpool. If cargo had been put on board at the
first port *a quo*, the underwriters would be most clearly
liable under their contract, and the risk would have been
equally as great, if not greater, than that which occurred by
the circumstance of the brig sailing in ballast from New-
Orleans to Mobile ; where, according to the charter party,
cotton was to have been taken in to be transported to
Liverpool. If, then, they were willing to insure freight on
the whole voyage, as stated to them in the application for
insurance at one and a half *per cent.*, it cannot be supposed
that they would have required a greater premium, had the
fact been communicated, that the cargo was to be taken in
at Mobile. The course of the voyage to be insured, was
sufficient in itself, to have put them on inquiry as to the place
where the vessel was to be loaded. The knowledge or
information material for the insurer to know, and necessary
to be communicated to him, when the contract is made, is a
question of fact, and the materiality of the information is to
be determined under a consideration of all the circum-

Eastern District.
*April* 1831.

HODGSON ET AL
*vs.*
MISS. INSUR. CO

The knowledge
or information ma-
terial for the insu-
rer to know and
necessary to be
communicated to
him when the
contract is made, is
a question of fact,
and the materiali-
ty of the informa-

Eastern District
April 1831.

HODGSON ET AL
vs.
MISS. INS. CO.

tion is to be deter-
mined under a
consideration of all
the circumstances
which belong to
the case.

stances which belong to the case.—3 *Kent's Com. p.* 232.—
Now, in addition to the circumstances already stated, which
lead us to the conclusion that the fact of the vessel sailing
under charter party, if it had been communicated, would
not have prevented the insurers from making the contract
which they did. We have the testimony of several clerks
or secretaries of insurance companies that, in their opinion,
this fact would not have been considered as a circumstance
calculated to increase the risk, and, consequently, could not
have afforded ground for an increased premium. If we add
further, the known frequency of vessels sailing under charter
parties, no doubt can remain, that there was not an indispen-
sible obligation on the part of the applicants for insurance, in
the present instance, to communicate their charter party to
the insurers. In other words, the neglect to make such
a communication does not amount to a legal fraud, sufficient
to avoid the policy.

It is, therefore, ordered, &c. that the judgment of the
District Court be avoided, reversed and annulled ; and it is
further ordered, adjudged and decreed, that the plaintiffs
and appellants do recover from the defendants and appellees
the sum of five thousand dollars, with interest at the rate of
five *per cent. per annum,* from the judicial demand, with
costs in both courts.